HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

    Plaintiff,

v.

BARNES & NOBLE, INC., et al.,

    Defendants.

CASE NO. C11-485RAJ

ORDER

    This matter comes before the court on motions from two groups of Defendants to stay this case. Dkt. ## 33, 34. For the reasons stated below, the court GRANTS both motions and directs the clerk to STAY this action.

    Plaintiff Microsoft Corporation ("Microsoft") sued various Defendants for infringement of five patents. For purposes of this order, there are three groups of Defendants: Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively "Barnes & Noble Defendants"); Hon Hai Precision Industry Co., Ltd., Foxconn International Holdings Ltd., Foxconn Electronics, Inc., and Foxconn Precision Component (Shen Zhen) Co., Ltd. (collectively "Foxconn Defendants"), and Inventec Corporation.

    The Barnes & Noble Defendants and Foxconn Defendants have each filed motions to stay this case pending the outcome of Microsoft's action against them in the

1  International Trade Commission ("ITC").  The ITC proceeding seeks a bar on the
2  importation of products that allegedly violate the same five patents.  The law permits
3  parties named in an ITC proceeding to stay related District Court litigation pending ITC
4  proceeding's outcome.  28 U.S.C. § 1659(a).  Inventec, who has not been served and has
5  made no appearance in this action, has not requested a stay.
6        Microsoft does not oppose a stay.
7        The sole dispute is over service of process on the Foxconn Defendants.  Each of
8  them is domiciled in either China or Hong Kong.  Microsoft has yet to serve any of them,
9  and each of them has appeared in this action solely for the purpose of moving for a stay,
10 without waiving any service-based defenses   Rule 4(m) of the Federal Rules of Civil
11 Procedure generally requires a plaintiff to accomplish service within 120 days of filing
12 suit.  Microsoft asks the court to grant it 120 days from the time when the stay is lifted to
13 accomplish service.  The Foxconn Defendants ask the court to merely toll the 120-day
14 period, which would leave Microsoft approximately 60 days after the end of the stay to
15 accomplish service.
16       Rule 4(m) does not apply to service on individuals in foreign countries.  Fed. R.
17 Civ. P. 4(m) ("This subdivision . . . does not apply to service in a foreign country under
18 Rule 4(f) or 4(j)(1).").  Rule 4(f) explicitly addresses only service on individuals, but
19 Rule 4(h)(2) makes service of corporations outside the United States subject to Rule 4(f)
20 as well.  In other words, there is no 120-day period to toll or restart with respect to the
21 Foxconn Defendants.  Even if Rule 4(m) applied, the court notes that it has broad
22 discretion to extend the 120-day period.
23       The court rules as follows:
24       1) The court GRANTS the motions to stay (Dkt. ## 33, 34) and directs the clerk
25          to STAY this action.
26
27

2) The Barnes & Noble Defendants and the Foxconn Defendants, as the parties requesting this stay, are jointly responsible for promptly notifying the court of any developments in the ITC proceeding affecting the stay.

3) Microsoft may, at its option, serve any foreign Defendant while the stay is in effect. If it does so, it shall serve a copy of this order as well. No Defendant is required to answer or otherwise respond to Microsoft's complaint while the stay is in effect.

4) For the duration of the stay, the court tolls any time constraint, legal or equitable, governing Microsoft's obligation to serve any Defendant.

Dated this 8th day of June, 2011.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 3